UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIS GODY** | **CASE NO.   6:25-CV-01349** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOWES HOME CENTERS L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand.  (Rec. Doc. 9).  Defendant opposes the Motion. (Rec. Doc. 11).  The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be GRANTED.

### Facts and Procedural History

On May 5, 2025, Plaintiff filed a Petition for Damages in state court against Lowes Home Centers, LLC ("Lowes") after Plaintiff picked up a bottle of oil from the shelves at Lowes and "oil spurted out of both sides [of the bottle] landing all over his body, including his arms, chest, face, and mouth."  (Rec. Doc. 1-1, ¶ 3).

In the Notice of Removal, Lowes alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship[1] and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). Specifically, Lowes cites Plaintiff's responses to their requests for admission wherein Plaintiff denied that his claimed damages are less than $75,000.00, exclusive of interest and costs. (*Id*. & Rec. Doc. 1-2, pp. 15-16).

Since the matter was removed, Plaintiff supplemented his response to the requests for admission to admit that his claimed damages are less than $75,000.00. Accordingly, Plaintiff maintains that "this Honorable Court does not have jurisdiction over this matter since Plaintiff's damages do not exceed the jurisdictional requirement of $75,000.00." (Rec. Doc. 9, ¶¶ 3-4).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, and those where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party

---

1 The parties' diversity is uncontested.

invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).   Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

In the Motion to Remand, Plaintiff challenges Lowes's contention that the amount in controversy exceeds the jurisdictional minimum.   (Rec. Doc. 9).   The amount in controversy is determined at the time of the filing of the complaint. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).   The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023).   This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Id.*   Any doubts as to the propriety of removal are construed strictly in favor of remand. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1); *In re 1994 Exxon Chem. Fire*, 558

F.3d 378, 388 (5th Cir. 2009). Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. (Rec. Doc. 1-2). Here, Plaintiff requests damages for past, present, and future physical pain and suffering, mental pain and suffering, loss of enjoyment of life, physical scarring and disability, medical expenses, and lost wages. (Rec. Doc. 1-2, ¶ 8). The Court finds that the amount in controversy is not apparent from the face of the Plaintiffs' petition; thus, Lowes must set forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Allstate Fire & Cas. Ins. Co.*, 71 F.4th at 351.

Lowes cites Plaintiff's original responses to their requests for admission as the sole basis for establishing the requisite amount in controversy. (Rec. Docs. 1 & 1-2, pp. 15-16). Specifically, Requests for Admission No. 5 requested that Plaintiff "[a]dmit that [his] claimed damages are less than $75,000.00, exclusive of interest and costs." (Rec. Doc. 1-2, p. 4). In response, Plaintiff noted that:

> Louisiana Code of Civil Procedure Article 1466 only authorizes requests for admissions on matter of fact and the genuineness of documents. As this request seeks an admission of a legal conclusion, Plaintiff objects to this discovery request as improper as it exceeds the permissible scope of Article 1466. However, subject to those objections and in the spirit of cooperation, Request for Admissions No. 5 is denied.

(*Id*. at pp. 15-16).

Plaintiff has since supplemented this response to admit that his claimed damages are less than $75,000.00, exclusive of interest and costs. (Rec. Doc. 9-2). While the Court appreciates Plaintiff's judicial admission regarding the amount in controversy, said admission is not dispositive, and Lowes failed to provide the Court with any other evidence (i.e., medical records, reports, bills, etc.) or any similarly situated caselaw to support a finding that the damages in this case could exceed $75,000.00.

In their opposition, Lowes correctly notes that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Further, "the existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts and circumstances as of the time that an action is commenced in a federal court or arrives there from a state court by way of removal." *Johnson v. Sams E. Inc.*, No. 24-CV-1128, 2024 WL 5099203, at *1 (W.D. La. Nov. 15, 2024), report and recommendation adopted, No. 24-CV-1128, 2024 WL 5096494 (W.D. La. Dec. 12, 2024)(citing Wright & Miller, 14AA Federal Practice & Procedure Jurisdiction § 3702.4 (4th ed.)). In reviewing the facts and circumstances of this case, the Court finds that Plaintiff's damages were

never more likely than not to be more than $75,000.00, despite Plaintiff's original response to the requests for admission. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

Lowes relies on this Court's decision in *Johnson v. Sams E. Inc.* to support its position that Plaintiff's discovery response as to the amount in controversy is sufficient to satisfy the jurisdictional amount. However, the Court finds *Johnson* distinguishable. In *Johnson*, in his state petition, the plaintiff "alleged that the amount in controversy is believed to be in excess of $50,000 based on the available medical evidence, but his treatment was ongoing so 'it is not yet known if his total damages will be in excess of $75,000.'" *Johnson*, 2024 WL 5099203, at *1. In response to discovery requests,

> Plaintiff identified healthcare providers that provided care including an MRI of the left ankle and foot. Interrogatory No. 13 asked Plaintiff to state each element of damages he claimed. Plaintiff responded that he requested recovery of the cost of his medical care, the amount of which was yet to be determined. He also listed: "General damages in amount to be determined by the finder(s) of fact in this matter but estimated to be $100,000." Interrogatory No. 14 asked him to set forth each injury he claims to have received as a result of the incident. Plaintiff listed back pain, low back pain, muscle spasm in the back, buttocks pain, left ankle pain, left foot pain, and headaches.

*Id*.

After removal, and upon receipt and review of additional medical evidence, the plaintiff amended his discovery responses to indicate that damages would not

exceed $75,000.00 and moved for remand. *Id*. The Court denied remand finding that the "jurisdictional facts present at the time of removal, which included Plaintiff's assertion of [$100,000] in general damages, satisfied the amount in controversy requirement." *Id*.

Here, unlike the defendant in *Johnson*, the sole basis for removal was Plaintiff's now rescinded response to the requests for admission. The Court was not presented with any other jurisdictional facts or evidence regarding Plaintiff's alleged injuries, damages, and/or medical bills or treatment, nor was the Court presented with caselaw of similarly situated plaintiffs to support a finding that the damages in this case could exceed $75,000.00. (Compare to *Johnson* where the plaintiff provided the defendant with medical bills, proof of ongoing medical care, expenses and physical injuries, in addition to the assertion of $100,000 in general damages at the time of removal).

Accordingly, while the Court finds that Lowes's Notice of Removal was reasonable in light of Plaintiff's response to the requests for admission, considering the facts and circumstances of this case, and because Lowes has not established the amount in controversy requirement by a preponderance of the evidence, the Court finds that it lacked jurisdiction at the time of removal and recommends that Plaintiff's Motion to Remand be granted.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 9) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 28th day of October, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE